UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLANDO ROMERO MEZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-322 |
| | § | |
| KEN PAXTON and ROBERT LACY, JR., | § | |
| | § | |
| Respondents. | § | |

**ORDER ON MOTION FOR LEAVE TO AMEND**

On July 27, 2015, Petitioner filed this § 2254 petition challenging his Aransas County conviction and sentence for felony possession of marihuana (D.E. 1). Petitioner filed proof that he has requested that the detention center where he is incarcerated, CCA Houston Processing Center, deduct the $5.00 filing fee from his inmate trust account, and the court is waiting to receive the filing fee before ordering service of process (*See* D.E. 6).

Pending is Petitioner's motion for leave to amend his petition (D.E. 9). Petitioner seeks leave to amend only the named respondent (*Id.*). Petitioner seeks to substitute, in place of TDCJ-CID's Director William Stephens, Loretta Lynch, Attorney General for the United States, and Sarah Saldana, Director of Immigration and Customs Enforcement (ICE) (*Id.*).

Rule 2(a), Rules Governing Section 2254 Cases, requires that if the Petitioner is currently in custody under a state court judgment, the petition must name as the respondent the state officer who has custody. A check with the TDCJ-CID website

revealed that Petitioner was previously in custody of TDCJ-CID, but was paroled on October 9, 2014. Petitioner was paroled to ICE authorities because he had an immigration detainer. The Advisory Committee Notes for Rule 2, Rules Governing Section 2254 Cases, recognize that the concept of custody can be confusing, and provide some guidance on who is the proper named Respondent when a Petitioner is challenging a state court conviction but is no longer in the custody of the state penal institution:

> (1) The applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking. The named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison;
>
> (2) The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.
>
> (3) The applicant is in custody in any other manner differing from (1) and (2) above due to the effects of the state action he seeks relief from. The named respondent should be the attorney general of the state wherein such action was taken.
> . . .
>
> In any of the above situations the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice.

Subsection (3) of the Advisory Committee Notes appears to apply to Petitioner, and pursuant to this subsection, Ken Paxton, the Attorney General for the State of Texas, is the proper Respondent. But the United States Supreme Court has made it clear in habeas cases that the person who has custody of petitioner must be a named respondent. *See Braden v. 30th Jud. Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973); *Rumsfeld v.*

*Padilla*, 542 U.S. 426, 434 (2004).  In Petitioner's case that would be Robert Lacy, Jr., the warden of the CCA Houston Processing Center.

Accordingly, petitioner's motion for leave to substitute Loretta Lynch and Sarah Saldana as Respondents (D.E. 9) is denied.  Instead the Court finds that the ends of justice require that the Clerk substitute, as proper respondents Ken Paxton, Attorney General for the State of Texas, and Robert Lacy, Jr., Warden for the CCA Houston Processing Center, in place of William Stephens.  If the nature of Petitioner's custody changes, additional or different respondents will be named.

An order for service of process will be issued as soon as Petitioner's $5.00 filing fee is received by the Clerk.

ORDERED this 2nd day of September, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE