United States District Court
Southern District of Texas
**ENTERED**
March 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLANDO ROMERO MEZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-322 |
| | § | |
| KEN  PAXTON, *et al*, | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner Rolando Romero Meza[1] is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at a deportation processing center in Houston, Texas.  Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on July 17, 2015.[2] The underlying convictions which are the subject of the petition are a 2007 Nueces County adjudication for possession of cocaine, a 2007 Nueces County adjudication for driving while intoxicated, and a 2012 Aransas County conviction for possession of marijuana.  Petitioner claims that his constitutional rights were violated during trial and appellate proceedings and also during revocation of parole proceedings.  Respondent

---

[1] Petitioner's last name is listed as "Meza" in the style of this case and on the docket sheet.  However he signs documents "Rolando Romero."  *See* D.E. 1 at p. 19.  He also is referred to as "Rolando Meza Romero" (*See, e.g.*, D.E. 1 at pp. 20, 24).
[2] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on July 17, 2015 and it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

filed a motion for summary judgment on December 12, 2015 (D.E. 24) to which Petitioner did not respond.  On March 18, 2016, Petitioner filed his second motion for entry of default and default judgment (D.E. 27).  For the reasons set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be denied.  It is further recommended that Petitioner's second request for entry of default and default judgment (D.E. 27) be denied and that any request for a Certificate of Appealability be denied.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Aransas County and Nueces County, both of which are located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner challenges state court convictions for possession of cocaine, driving while intoxicated (DWI), and possession of marijuana.  The possession of cocaine offense and the DWI offense occurred on the same day and both offenses were adjudicated on the same day.  In addition, probation was revoked on both sentences on the same day.  The possession of marijuana offense occurred several years after the other offenses.  Initially Petitioner filed three federal habeas actions challenging each conviction separately, but they were consolidated under this cause number on September 25, 2015 (D.E. 11, 14).

### A.  Request for Entry of Default and Default Judgment

Petitioner is requesting entry of default and default judgment (D.E. 27).  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a).  Although no Fifth Circuit precedent was located, several circuits have held that the entry of default in habeas corpus proceedings is inappropriate.  *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970); *Stines v. Martin*, 849 F.2d 1323 (10th Cir. 1988); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *United States ex rel Mattox v. Scott*, 507 F.2d 919 (7th Cir. 1974); *Bermudez v. Reid*, 733 F.2d 18 (2d Cir. 1984).  Generally, these circuit courts have required the district courts to review the merits, and to grant relief only if the court finds evidence to establish a claim of unlawful detention.  *Stines*, 849 F.2d at 1324.  An exception to the general rule would be where the delay itself rises to the level of a due process violation.  *Id*. at 1324 (citing *Ruiz v. Cady*, 660 F.2d 337, 341 n. 5 (7th Cir. 1981)).  Minor delays do not give rise to a due process violation.  *Stines*, 849 F.2d at 1324.

In any event, Respondent is not in default, and the merits of Petitioner's claims are reviewed in this Memorandum and Recommendation.  Service of process was ordered on September 25, 2015 (D.E. 15).  Respondent requested and was given an extension of time, until December 13, 2015, file a responsive pleading.  Petitioner's first motion for entry of default was filed on November 23, 2015 (D.E. 22) and denied on December 11, 2015 (D.E. 22).  Though Respondent's answer and motion for summary judgment were

filed one day late, on December 14, 2015 (D.E. 24, 25), Petitioner has not demonstrated any prejudice or due process violation because of the single day's delay. Accordingly, it is recommended that Petitioner's second motion for entry of default and default judgment (D.E. 27) be denied.

### B. The Offenses

On August 31, 2006 Petitioner was indicted in Nueces County, Texas on one count of possession of cocaine, a state jail felony, in cause number 06-AR-1498-C. *Ex Parte Romero*, WR-83,164-02 at 119 (D.E. 26-25 at p. 28). Petitioner pleaded guilty and on July 6, 2007 an order of deferred adjudication was entered. Petitioner was to serve a five-year term of community supervision and was ordered to pay a $1,000 fine. *Id.* at 136 (D.E. 26-26 at p. 45). On August 7, 2012, Petitioner's probation was revoked. *Id.* at 99-100 (D.E. 26-25 at pp. 8-9).

Also on August 31, 2006, in cause number 06-CR-2992-C, Petitioner was indicted in Nueces County on one count of DWI, classified as a third degree felony because he had two previous convictions for DWI. *Ex Parte Romero*, WR-83,164-03 at 113-114 (D.E. 26-28 at pp. 20-21). On July 6, 2007 Petitioner pleaded guilty and was sentenced to serve five years in TDCJ and ordered to pay a $1,000 fine. However, the sentence was suspended and Petitioner was placed on community supervision for five years with the suspended sentence running concurrently with the probated possession of cocaine sentence. *Id.* at 148 (D.E. 26-28 at p. 55). On August 7, 2012, Petitioner's probation was revoked. *Id.* at 154 (D.E. 26-28 at pp. 61-62).

On July 26, 2011 Petitioner was indicted on one count of felony possession of marijuana, a second degree felony, in Aransas County, Texas in cause number A-11-5113-2-CR.  *Ex Parte Romero*, WR-83,164-01 at 80-81 (D.E. 26-22 at pp. 81-82). Petitioner pleaded guilty and on March 8, 2012 he was sentenced to serve ten years in TDCJ and pay a $2000 fine, with the sentence to run concurrently to other non-specified sentences.[3]  *Id.* at 82 (D.E. 26-22 at p. 83).

### C.  Direct and Collateral Review

### (1) Cocaine and DWI Convictions

Petitioner appealed the orders of revocation and judgment on the cocaine and DWI convictions to the Thirteenth Court of Appeals and the court affirmed the judgments on December 19, 2013, but modified the sentences so that they would conform to the oral pronouncement of the court at the revocation hearing.[4]  At the hearing on the motion to revoke, the trial court stated that it was revoking both terms of supervised release and sentencing Petitioner to serve five years on each term, despite the fact that he originally was sentenced to two years in state jail on the possession of cocaine charge.  The court also ordered that both sentences were to run concurrently with each other, but consecutive to the sentence for possession of marijuana out of Aransas County (Transcript of Mot. to Rev. at 19; D.E. 26-27 at p. 84).

---

[3] Presumably the Aransas County count court was referring to the possession of cocaine and DWI sentences from Nueces County.

[4] *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014)(when there is a conflict between oral pronouncement and written judgment, oral pronouncement controls).

The written judgements conflicted with the court's oral order because they stated that Petitioner was sentenced to two years on the cocaine charge and that all three sentences were to run concurrently.  *Ex Parte Romero*, WR-83,164-02 at 142-143 (D.E. 26-25 at 51-52);  WR-83,164-03 at 154-155 (D.E. 26-28 at pp. 61-62).  The Thirteenth Court of Appeals addressed the discrepancy between the oral pronouncement and the written judgments and reformed the judgments to provide that both sentences were for five years and both would run consecutively to the possession of marijuana sentence. *Romero v. State*, Nos. 13-12-00542-CR and 13-12-00543-CR, 2013 WL 6729952 at *2 (Tex. App. –Corpus Christi 2013, pet. ref'd, untimely filed)(located herein at *Ex Parte Romero*, WR-83,164-02 at 105-116; D.E. 26-25 at pp. 14-25).

Petitioner filed separate petitions for discretionary review for the cocaine and DWI convictions and both were refused as untimely filed on April 16, 2014.  *Romero v. State*, PD-0061-14 (Tex. Crim. App., Apr. 16, 2014) and *Romero v. State*, PD-0062-14 (Tex. Crim. App., Apr. 16, 2014).   On April 30, 2015 Petitioner filed two separate habeas corpus actions in state court, challenging the convictions.  *Ex Parte Romero*, WR-83,164-02 at 2-89 (D.E. 26-24 at pp. 5-92) and *Ex Parte Romero*, WR-83,164-03 at 2-83 (D.E. 26-27 at 5-86).   On August 5, 2015, both petitions were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing.  *Ex Parte Romero*, WR-83,164-02 at "Action Taken" page (D.E. 26-23) and *Ex Parte Romero*, WR, 164-03 at "Action Taken" page (D.E. 26-26).

Petitioner next filed two actions for habeas corpus relief in federal court based on the cocaine and DWI convictions on September 3, 2015. As mentioned above, the two case have been consolidated with the instant case.

**(2) Marijuana Conviction**

Petitioner filed a direct appeal in the marijuana case and the Thirteenth Court of Appeals affirmed the conviction on October 24, 2013. *Romero v. State*, No. 13-12-00188-CR, 2013 WL 7964212 (Tex. Crim. App. 2013, pet. ref'd)(located herein at D.E. 26-10). Petitioner sought a PDR and it was refused on March 12, 2014. *Romero v. State*, PD-1570-13 (Tex. Crim. App. Mar. 12, 2014). Petitioner filed a state habeas action on March 5, 2015 and the Texas Court of Criminal Appeals denied the application without written order on May 13, 2015. *Ex Parte Romero*, WR-83,164-01 at 2-79 and "Action Taken" page (D.E. 26-22 at pp. 3-80 and D.E. 26-20).

Petitioner filed the instant federal petition on July 17, 2015 and makes the following arguments: With regard to the possession of cocaine and DWI convictions, Petitioner contends that (1) the trial court lacked jurisdiction to revoke his probation because the probationary period had expired and (2) he was denied effective assistance of counsel at the revocation hearing.

With regard to his possession of marijuana conviction, Petitioner contends that his rights to due process and equal protection were violated when (3) the trial court denied a motion for speedy indictment; (4) the trial court denied a motion for a speedy trial and (5) the trial court denied his motion to suppress. Petitioner also argues that he received ineffective assistance of counsel when his appellate attorney (6) did not contact Petitioner

or make himself available to discuss grounds for appeal; (7) failed to realize Petitioner's case had two different cause numbers; (8) presented only one argument on appeal and (9) failed to raise the issue of speedy indictment on appeal.

In his motion for summary judgment, Respondent argues that (1) The challenge to the possession of cocaine sentence is moot because Petitioner discharged the sentence on March 29, 2014; (1) The challenge to the DWI conviction is time-barred; (3) Petitioner is not entitled to the relief he seeks on the possession of marijuana conviction because he cannot show that the state court decision on the merits of his claim was unreasonable under the AEDPA standard.

Petitioner did not respond to the motion for summary judgment.  According to Respondent, Petitioner was paroled to an immigration detention center on June 1, 2015 (D.E. 26-26 at 1).

## APPLICABLE LAW

### A.  Discharge of Sentence

Respondent argues that Petitioner cannot challenge the possession of cocaine sentence in this lawsuit because he has discharged the sentence.  If a dispute ends or has otherwise been resolved, it becomes moot.  *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270-271 (5th Cir. 1988).  A case may become moot when an intervening factual event causes the petitioner to no longer have a present right, stake or interest in the outcome.  *Dailey v. Vought Aircraft, Co.*, 141 F.3d 224, 227 (5th Cir. 1998).  If a controversy is moot, the trial court lacks subject matter jurisdiction.  *See North Carolina v. Rice*, 494 U.S. 244, 246, 92 S.Ct. 402, 404 (1971).  "To invoke the jurisdiction of a

federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990).

Unless a petitioner is incarcerated or otherwise affected by a conviction at the time he files a habeas action, a decision in his favor would not redress any injury suffered by him.  Accordingly, such a person no longer has a present stake or interest in the outcome of this case and it should be dismissed as moot.

However in Petitioner's case, it is not clear from the record that he had discharged his sentence at the time he filed the habeas action.  Respondent states that Petitioner discharged "the two-year sentence" on March 29, 2014, but offers no evidence in support of the assertion and none was found in the record (Mot. for Sum. Jmt., D.E. 24 at p. 2). In addition, as discussed above, although the written judgment states that Petitioner was sentenced to a two-year term of imprisonment that was to run concurrently with the other two sentences (D.E. 26-25 at pp. 8-9), the Thirteenth Court of Appeals modified the judgment to reflect what the court stated at the revocation hearing:  that Petitioner was sentenced to a five-year term of imprisonment that was to run consecutively to the ten-year marijuana sentence.  *Romero v. State*, 2013 WL 6729952 at *2 (D.E. 26-25 at pp. 17-18).

It is possible that TDCJ was never made aware of the modification of the judgment and did discharge Petitioner on March 29, 2014 as Respondent alleges. However, in the absence of evidence in the record, it will be assumed that Petitioner was

still serving the sentence for possession of cocaine at the time he filed his federal habeas cause of action and subsequently was paroled to the immigration detention center in Houston.  Thus it is recommended that a finding be made that Petitioner's claim based on the conviction of cocaine not be dismissed as moot.

## B.  Statute of Limitations

Respondent argues that Petitioner's application for habeas corpus based on the DWI conviction was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  The conviction for possession of cocaine also will be reviewed for timeliness.   Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant  was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Because Petitioner is challenging the revocation of probation, rather than the underlying proceeding where adjudication was deferred, the statute of limitations began to run on the day his time for filing a petition for discretionary review of the revocation expired.  *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010).  Respondent asserts that Petitioner was granted an extension to file the PDRs until March 21, 2014 and his time for filing a PDR expired on that day (D.E. 24 at p. 6).  However, Respondent cites to nothing in the record showing the deadline for Petitioner to file PDRs in the cocaine and DWI cases and none was found.

Nevertheless, Petitioner filed his PDR challenging those convictions on April 4, 2014 and both were dismissed as untimely filed on April 16, 2014.  *Romero v. State*, PD-0061-14 (Tex. Crim. App., Apr. 16, 2014) and *Romero v. State*, PD-0062-14 (Tex. Crim. App., Apr. 16, 2014).  In the absence of evidence showing when the PDRs were due, it will be assumed that they were due on April 3, 2014 and that is the date his judgment became final by conclusion of direct review.  Petitioner had one year from that date, or until April 3, 2015, to file his petition.  He did not file it until July 17, 2015, more than three months too late.[5]

---

[5] Technically, Petitioner filed the federal habeas petitions challenging the revocations on September 3, 2015.  *See Meza v. Paxton*, No. 2:15-CV-383 (S.D. Tex., filed Sept. 3, 2015) and *Meza v. Paxton*, No. 2:15-CV-385 (S.D. Tex., filed Sept. 3, 2015).  However, because the cases were consolidated into the instant case and it was filed on July 17,

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied). Petitioner filed his state applications challenging the revocation of probation on the possession of cocaine and DWI convictions on April 30, 2015. However, because the applications were filed after the limitations period expired, neither of them served to toll the statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, Petitioner's federal habeas application based on the possession of cocaine and DWI convictions was filed after the statute of limitations ran.

Nor has Petitioner shown that he is entitled to equitable tolling. "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner proceeding *pro se* is not

---

2015, that date will be used as the filing date. *See Smith v. Cockrell*, No. 3-02-CV-0388-D, 2002 WL 1315791, *1, n. 3 (N.D. Tex. 2002)(When considering two consolidated cases, court considered case filed as of the date the first habeas petition was delivered to prison authorities for mailing.)

a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A garden variety claim of excusable neglect does not support equitable tolling. *Id.* (internal citations and quotations omitted). A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 2549, 2565 (2010)(internal citations and quotations omitted).

Petitioner has offered neither argument nor evidence to show that he is entitled to equitable tolling of the statute of limitations and nothing in the record indicates that the deadline should be extended. Accordingly, his federal habeas application as it relates to the possession of cocaine and DWI convictions is barred by the statute of limitations.

## C. Merits

Petitioner's remaining claims, arising from his conviction on the possession of marijuana charge, will be addressed on the merits.

### (1) Standard of Review

Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

8 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision.   Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.   *Harrington*, 131 S.Ct. at 786.   Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.   *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet.   "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings . . . .   It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.   It goes no farther."   *Id.*   "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   *Id.* at 786-787.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision.   *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).   A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.   *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted).   This deference extends not only to express

findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S.Ct. at 784.

### (2) Effect of Guilty Plea

As an initial matter, because Petitioner pleaded guilty to the possession of marijuana charge, he is foreclosed from bringing his other claims.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner does not assert that his plea was involuntary or that he made it without knowing the consequences. Accordingly, he is not entitled to challenge other perceived constitutional violations related to the marijuana conviction. Nevertheless, because Respondent addressed the remaining claims on the merits, the following analysis is offered.

### (3) Denial of Motion for Speedy Indictment

Petitioner asserts that his rights to due process and equal protection were violated when he was held for six months without being indicted on the possession of marijuana charge. Petitioner was arrested on October 25, 2010 and on May 10, 2011, his attorney filed a motion to dismiss for denial of speedy indictment and, alternatively, an application

for writ of habeas corpus (Ex. F to Petition, D.E. 1 at pp. 24-26).  Petitioner subsequently

was indicted on July 26, 2011 and pleaded guilty on March 8, 2012.  *Ex Parte Romero*,

WR-83,164-01 at 80-83 (D.E. 26-22 at 81-84).

Petitioner raised a "speedy indictment" claim during the state habeas proceeding,

but the trial court did not issue findings of fact and conclusions of law and the merits of

this claim have not been addressed.  In the absence of explicit findings, Petitioner must

show that there was no reasonable basis for the state court to deny relief.  *Harrington*,

131 S.Ct. at 784.

The Fifth Circuit has noted that there is no constitutional right to a speedy

indictment:

> There is no sixth amendment right to a timely indictment.  Protection from delay
> in indictment must be found in the due process clause of the fifth amendment.
> That protection is limited.   The passage of a long period of time between
> knowledge by the prosecution of indictable conduct and an indictment is not
> enough, even if the delay was harmful to a defendant.  Rather, defendants must
> show that the government intentionally delayed the indictment to gain a tactical
> advantage, and that the delay caused them actual and substantial prejudice.

*Dickerson v. Guste*, 932 F.2d 1142, 1144 (5th Cir. 1991)(quoting *United States v.

Carlock*, 806 F.2d 535, 549 (5th Cir. 1986)).  Petitioner has not described any tactical

advantage gained by the prosecution in his case or any prejudice he suffered as a result of

the delayed indictment.  The state court could reasonably have relied on Petitioner's

failure to plead and prove prejudice as grounds to deny Petitioner's claim.  Accordingly,

Petitioner cannot make out a federal habeas claim based on this allegation.

**(4) Denial of Motion for Speedy Trial**

Petitioner also contends that his due process and equal protection rights were violated by the trial court's denial of his motion for speedy trial.  The Texas Court of Criminal Appeals did not address this issue in Petitioner's state habeas action, but the Thirteenth Court of Appeals addressed it on direct review, relying on the balancing test set forth in *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003)(citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972) and *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992)(en banc)).  In determining whether a defendant has suffered a violation of his right to a speedy trial, the factors to be weighed include the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right and the prejudice to the defendant resulting from the delay.  *Romero v. State*, No. 13-12-00188-CR, 2013 WL 7964212 at *2 (Tex. Crim. App. 2013, pet. ref'd)(located herein at D.E. 26-10).

The court found that the length of the delay weighed only slightly against the State because Petitioner's case was part of an ongoing investigation involving a joint operation between state and local law enforcement agencies.  *Id*.  The State gave no explanation of the reason for the delay, which also weighed against the State, but not heavily.  *Id.* at *3.

Regarding the assertion of Petitioner's right to a speedy trial, the appellate court referred to letters and motions Petitioner claimed he had filed with the trial court, but noted that the letters were not included in the file.  Without the letters, the record did not show that Petitioner asserted his speedy trial right during the pre-indictment period.  The lack of evidence that Petitioner had asked for a speedy trial during the pre-indictment period weighed against the Petitioner.  *Id*. at *4.  Finally, the court looked at whether

Petitioner had suffered prejudice from the delay in the trial and determined that he had not suffered significant prejudice. *Id*. at 4-5.

The court stated that the four factors balanced together weighed against finding a violation of Petitioner's right to a speedy trial. *Id*. at 5. Petitioner has not shown that this conclusion is unreasonable under the AEDPA standard and therefore he is not entitled to habeas relief on this issue.

**(5) Denial of Motion to Suppress**

Petitioner argues that his due process and equal protection rights were violated when the trial court denied his motion to suppress. Petitioner argued at trial that the officer who arrested him did not have probable cause to effect a traffic stop of Petitioner's vehicle and that the evidence seized during the stop should have been suppressed. The trial court denied the motion. Petitioner raised this issue in his state habeas application but it was not addressed by the trial court or the Texas Court of Criminal Appeals.

Federal courts generally are barred from reviewing Fourth Amendment claims on habeas review. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002)(citing *Stone v. Powell*, 428 U.S. 465 (1976)). In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. All that is required is that a defendant have an opportunity to raise the claim. "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of

that claim whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978).

Petitioner in this case had an opportunity to litigate his search and seizure claim on direct appeal and in his state habeas claim.  Thus, this court is barred from considering it.

### (6) Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel on appeal. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.  *Id.*, 466 U.S. at 687-88.  Petitioner must show "significant prejudice" in a noncapital context. *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994)(citing *Spriggs v. Collins*, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified

acts or omissions were outside the wide range of professionally competent assistance.

*Id.*, 466 U.S. at 690.

An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S. at 689-690, 104 S.Ct. 2052. . . . Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.

*Harrington*, 131 S.Ct. at 788. In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). "When § 2254 (d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Claims of ineffective assistance of appellate counsel are reviewed under the *Strickland* standard. *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). A petitioner must first show that his appellate counsel's conduct fell below an objective standard of reasonableness. To show prejudice, a petitioner must show the reasonable probability that, but for unprofessional errors, the result of the proceeding would have been different. *Id.*

The crux of Petitioner's claims of ineffective counsel on appeal are that his attorney did not meet with him to discuss the various grounds for appeal and as a result, did not appeal all the issues Petitioner believed were relevant. In particular, Petitioner

thought his attorney should have raised the "speedy indictment" issue and failed to include all relevant evidence in the brief.   A reasonable appellate attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.  *Strickland*, 466 U.S. at 690-691.  However, the Constitution does not require an appellate attorney to advance every conceivable argument, regardless of merit.  *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

Where an attorney fails to adequately brief an issue on direct appeal, the petitioner must show initially that the appeal would have had, with reasonable probability, a different outcome if the attorney had adequately addressed the issue.  *Dovalina*, 262 F.3d at 474-475 (citing *Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998)).  The petitioner must then show that the deficient performance led to a fundamentally unfair and unreliable result.  *Id*. (citing *Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1997)).

Petitioner has made no argument that the speedy indictment issue would have been decided in his favor had his attorney raised the issue on appeal or that any other issue would have been decided in his favor had it been properly briefed on appeal.  Without doing so, he cannot make out a claim that he received ineffective assistance of counsel on appeal.  Accordingly, it is recommended that Petitioner's claims regarding ineffective assistance by his appellate counsel be denied.

## D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the

issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 120 S.Ct. at 1604 (emphasis added).

In Petitioner's case, it is recommended that some of his claims be dismissed on procedural grounds and that the remainder be denied on the merits.  Reasonable jurists would not find it debatable that Petitioner's claims are time-barred.  Nor would jurists of reason debate denial of habeas relief to Petitioner on the merits.  Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA on either ground.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion for summary judgment (D.E. 24) be granted. Petitioner's claims based on his convictions for possession of cocaine and DWI should be dismissed as time-barred and his claims based on the possession of marijuana conviction should be denied on the merits.  It is further recommended that Petitioner's request for entry of default and default judgment (D.E. 27) be denied, and that a Certificate of Appealability be denied.

Respectfully submitted this 31st day of March, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).